# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| ALPHONSO RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1263-JDT-cgc |
| | ) | |
| QUALITY CORRECTIONAL HEALTH CARE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT AND GRANTING LEAVE TO FURTHER AMEND

On November 13, 2019, Plaintiff Alphonso Richardson, who is incarcerated at the Bledsoe County Correctional Facility in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order the same day granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On November 25, 2019, Richardson filed an amended complaint, (ECF No. 5), which supersedes the original complaint. Richardson sues Quality Correctional Health Care (QCHC).

Richardson's amended complaint concerns events that allegedly occurred when he was an inmate at the Madison County Criminal Justice Complex (CJC) in Jackson,

Tennessee.[1]  (*Id.* at PageID 18.)  He alleges that when he was booked into the CJC on August 14, 2019, he informed Officer Taylor, who is not a Defendant, that he was on numerous medications to treat his psychological issues, blood pressure, and cholesterol. (*Id.*; *see also* ECF No. 5-1 at PageID 20.)  Richardson's wife brought his medications to the CJC, but "they would not accept them here[;] they said I had to have an intake done and the Dr[.] would prescribe them."  (ECF No. 5 at PageID 18.)  Richardson asked how long it would be until he could get his medication, and Officer Taylor told him he would get them "within 2 weeks."  (ECF No. 5-1 at PageID 21.)  Richardson alleges he did not receive his psychological or blood-pressure medication, which he alleges he has "been on all my life," for 85 days.  (ECF No. 5 at PageID 18.)

Richardson requested medication from the unnamed nurses at the CJC, but they told him they had nothing for him.  (ECF No. 5-1 at PageID 21.)  On August 24, 2019, an unnamed nurse checked Richardson's blood pressure and informed him "that it was really high and asked me if I took Blood Pressure pills."  (*Id.*)  The nurse also checked his blood sugar, which was low, and Richardson told the nurse the name of the medications he took for both conditions.  (*Id.* at 21-22.)  Richardson alleges that his wife told "Nurse Beth" what medications he was taking, but she "would not accept my medication from my wife." (*Id.* at PageID 22.)  Richardson grieved the lack of medication but received no response.

---

[1] In his original complaint, Richardson named the Madison County Jail as an additional Defendant, but the amended complaint names only QCHC.  The Clerk is DIRECTED to terminate the Madison County Jail as a Defendant.

(*Id.* at PageID 23.)  Richardson also alleges that he submitted sick-call requests about his arthritis but received only ibuprofen from the medical staff.  (*Id.*)

Richardson further alleges that he has been forced to sleep on the floor in overcrowded cells at the CJC.  (*Id.* at PageID 23-24.)  He alleges that he "filed a request" to Captain Rudder, Sergeant Long, and Lieutenant Balderrama about the matter, but none of them responded.  (*Id.* at PageID 24.)  He further alleges that the nurses have a bad attitude and make hurtful comments towards him suggesting that he has does not "have anything to live for."  (*Id.* at PageID 25.)

Richardson seeks compensatory damages and asks the Court to "fire this Medical Staff."  (*Id.* at PageID 19.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*,

3

631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Richardson filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

4

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Richardson seeks to hold QCHC responsible for his allegedly inadequate medical treatment. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against QCHC, Richardson "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Because Richardson does not allege that a policy or custom of QCHC was the "moving force" behind the alleged violations of his constitutional rights, he fails to state a claim against QCHC.

Richardson generally alleges that unnamed nurses and the "Medical Staff" did not provide adequate medical treatment and delayed his medication. His general allegations, however, are insufficient to state a claim against any individual. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only

5

categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against Defendants identified "only collectively as 'medical staff'").

The only nurse referred to by name in the amended complaint is Nurse Beth, who Richardson says refused to take his medication list from his wife. Richardson, however, does not allege that Nurse Beth refused to give him any medication or that she was responsible for the delay in his receipt of his various pills. His allegations against her do not amount to violation of his constitutional rights.

Richardson alleges that the nurses have a bad attitude and make "smart remarks" towards him. It is well settled that verbal abuse or harassment at the hands of prison officials does not constitute a violation of the Eight Amendment. *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" is insufficient to constitute cruel and unusual punishment); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment.").

Richardson also alleges that has been sleeping on the floor and housed in a two-man cell with three to four inmates in it at once. Richardson does not allege who is responsible for these conditions. He merely alleges that the conditions exist. These general allegations do not state a claim against any Defendant. *See Frazier v. Michigan*, 41 F. App'x 762, 764

6

(6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

Richardson alleges that various prison officials failed to respond to his grievances. However, "[t]here is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

For the foregoing reasons, Richardson's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Richardson should be given the opportunity to further amend his complaint.

In conclusion, the Court DISMISSES Richardson's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend, however, is GRANTED. Any additional amendment must be filed within twenty-one (21) days after the date of this order, **on or before January 7, 2020**.

Richardson is advised that a second amended complaint will supersede the amended complaint and must be complete in itself without reference to the prior pleadings. The text of the second amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the second amended complaint and must be attached to the complaint. All claims alleged in a second amended complaint must arise from the facts alleged in the amended complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Richardson fails to file a second amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE