# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| ALPHONSO RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1263-JDT-cgc |
| ) | |
| QUALITY CORRECTIONAL ) | |
| HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DIRECTING PLAINTIFF TO FILE ONE AMENDED COMPLAINT THAT COMPLIES WITH FED. R. CIV. P. 8(a)

Plaintiff Alphonso Richardson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee. (ECF No. 1.)[1] He filed an amended complaint on November 25, 2019, which superseded the original complaint. (ECF No. 5.) All of Richardson's claims concern events that occurred while he was incarcerated at the CJC. On December 17, 2019, the Court dismissed the amended complaint for failure to state a claim and granted leave to file another amended complaint within twenty-one days. (ECF No. 10.) The Clerk subsequently received a document from Richardson on December 30, 2019, that appeared

---

[1] Richardson is presently confined at the Northwest Correctional Complex in Tiptonville, Tennessee. (ECF No. 16.)

to be an amendment filed in response to that order. (ECF No. 11.) However, Richardson filed a motion on January 9, 2020, stating he did not receive the Court's December 17 order until January 3, 2020, and requesting an extension of time in which to file an amended complaint. (ECF No. 12.) On January 15, 2020, the Court granted the motion and extended Richardson's deadline to January 31, 2020. (ECF No. 13.)

Rather than comply with the Court's order in a straightforward manner, Richardson filed two more submissions of handwritten pages of conversational narratives and another incomplete amended complaint.

Richardson filed two amendments on February 3, 2020. (ECF Nos. 13 & 14.) The first, naming Quality Correctional Healthcare as the Defendant, (ECF No. 13 at PageID 67-69), concerns: Richardson's booking for a parole order violation on August 14, 2019, (*id*. at PageID 69-70); a pod change on August 19, 2019, (*id*. at PageID 71); his intake processing on August 24, 2019, (*id*. at PageID 71-72); a discussion he had with Nurse Beth on August 31, 2019, (*id*. at PageID 72-73); his medical requests, symptoms, and grievance efforts in September 2019, (*id*. at PageID 73-76); and his sick-call requests in October and November 2019, (*id*. at PageID 76-79). Richardson seeks "pay[ment] for 85 days of pain and suffering." (*Id*. at PageID 79.) Plaintiff did not sign this submission.

The second amendment received on February 3, 2020, (ECF No. 15), is against the CJC, (*id*. at PageID 81, 86), regarding: Richardson's August 14, 2019 booking, (*id*. at PageID 82); his September 19, 2012, receipt of a parole notice, (*id*. at PageID 83); various grievances he filed, (*id*. at PageID 83-84); and overcrowded conditions of confinement, including sleeping on the floor, (*id*. at PageID 84-86). Richardson's conversationally-

2

toned manner of casual presentation (*e.g.*, "It has been three weeks, so I know that [grievance] is over. So back to the floor [issue] . . . ."), (*id*. at PageID 83-84), suggests that he regards his filing more as an informal dialogue with the Court than a pleading under the Federal Rules of Civil Procedure.

Richardson filed another amended complaint on March 11, 2020, which is untimely because it was mailed on March 9, more than a month beyond the January 31, 2020, deadline set by the Court. (ECF No. 17; ECF No. 17-1 at PageID 96.) He names as defendants: Quality Correctional Healthcare; Madison County Criminal Justice Complex and its Staff; Captain Rudder; Sergeant Long; Lieutenant Balderamma; and Sheriff of the Madison County Criminal Justice Complex. (ECF No. 17 at PageID 90.) It appears this document was meant to supersede all of his other submissions, as Richardson proclaims that he "makes it clear to the Court that he's sueing [sic] all Defendant(s) being named here in this one civil claim that's before the Court." (*Id*. at PageID 92.) He sues the Defendants in their individual and official capacities and seeks $300,000. (*Id*. at PageID 93.) The March 11 pleading asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986, as well as the Americans with Disabilities Act. (*Id*.)

Richardson's March 11 filing[2] first recaps some of the procedural steps in this case, (*id.* at PageID 91-92), and then begins describing events at the CJC in August 2019, (*id*. at PageID 94). However, the document stops on page five in the middle of a thought. (*Id*. at

---

[2] The March 11 document is in completely different handwriting, so Richardson apparently had assistance in preparing this particular amendment.

PageID 94 ("Plaintiff had been moved to [C-pod-107-cell] within the Jail, at which").) The amendment is accompanied by a handwritten cover letter that does not acknowledge or explain the incomplete document. (*Id.* at PageID 95.)

Richardson's four amendment efforts fail, singly and collectively, to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a) requires "[a] pleading which sets forth a claim for relief" to contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Richardson's putative amendments, (ECF Nos. 11, 14, 15 & 17), do not satisfy either provision. The March 11 submission is truncated, and his submissions of December 30 and February 3, though apparently complete, are neither short nor plain. Much of the factual narrative is incomprehensible. The amendments commingle Richardson's allegations about different phases of his confinement, his wide-ranging complaints about interpersonal disputes, commentary about his health conditions, and his opinions about the foregoing. Furthermore, the four submissions are inconsistent, even as to indispensable matters such as the parties being sued or the relief being sought.

Richardson's submissions, as drafted, present this Court with management problems since "the pleading[s] [are] so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Powers v. Dep't of Labor*, No. 08-2755, 2012 WL 1076301, at *3 (W.D. Tenn. Mar. 29, 2012) (citation omitted). *See also Vicom v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994) (noting that "[a] complaint that is prolix and/or confusing makes it

4

difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); *Jennings v. Emry,* 910 F.2d 1434, 1435 (7th Cir.1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding." (citations omitted)).  It is not the duty of this Court to evaluate Richardson's collections of facts and discern from them the claims that he seeks to assert.  Nor could the Court do so.  Richardson must do so himself.

Accordingly, Richardson is ORDERED to submit, **within twenty-one (21) days after the date of this order, on or before September 25, 2020**, ONE amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure.  The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet.  Richardson must personally sign the amendment. Apart from the deficiencies that are addressed *supra*, the amended complaint must: (1) identify the basis for federal jurisdiction; (2) identify each defendant sued; (3) identify any state or federal statute under which the claim arises; and (4) provide a short and plain statement of the factual basis for the claim.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  The amended complaint will supersede all previous pleadings in this case and must be complete in itself without reference to those prior pleadings.

The Court again advises Richardson that claims against unidentified "staff," (*see, e.g.*, ECF No. 17 at PageID 90), are insufficient to state a claim against any individual. (*See* ECF No. 10 at PageID 45-46.)  He cannot vitiate the Court's prior ruling by proclaiming, "Plaintiff makes it clear to the Court that he's sueing [sic] all Defendants being named herein," (ECF No. 17 at PageID 92), such as "Madison County Criminal Justice Complex Staff."  (*Id.* at PageID 90.)

The Court reiterates that Richardson may file only **one** additional amended complaint at this stage of the proceeding.  He is cautioned to include in that single filing all the claims he wishes to assert concerning his confinement at the CJC.

Richardson is warned that failure to timely file an amended complaint in compliance with this order will result in the dismissal of this case without further notice pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE